## JEWETT *versus* DOCKRAY.

The written approval, by a plaintiff, of a receipt taken by the officer for goods attached, and a delivery of the receipt to the plaintiff, discharge the officer from liability to him for the goods.

Such an approval and acceptance of the receipt are of the same effect, whether done by the plaintiff or by his attorney in the suit.

The delivery to the plaintiff of such an approved receipt, is entitled to be protected, as an equitable assignment.

In a suit brought by such plaintiff, in the name of the officer, upon such a receipt, a release by the officer, delivered to the receiptor, after knowledge by him of such an assignment, is of no effect.

An exhibition made at the trial, to the Court, and in presence of the receiptor, of the receipt so assigned, is a sufficient notice to the receiptor of the assignment.

A release, therefore, by the officer, delivered to the receiptor, *after such an exhibition,* will not qualify the receiptor to be a witness for the defendant.

ON EXCEPTIONS, from *Nisi Prius*, HOWARD, J. presiding.

ASSUMPSIT upon a promissory note.

It appeared, *that* goods were attached on the writ; *that* the officer delivered them to one John Elder, taking his obligatory receipt, stipulating that he would re-deliver the same to the officer on demand, and that though no demand should be made he would deliver the goods "at the above named place," and forthwith notify the officer of the same; and, *that* the receipt was approved in writing by the plaintiff's attorney, to whom it was then delivered by the officer.

The defendant, on the trial, called Elder, as a witness. The plaintiff exhibited the receipt in presence of the witness, and contended that it created an interest in the witness to defeat the action. In this opinion the Judge concurred.

Thereupon a sealed release was, in open Court, executed by the attaching officer, and delivered to the witness.

The plaintiff then objected, *that,* as he had in writing approved and accepted the receipt, the officer was under no liabilities concerning the goods attached; and *that* his delivery of the receipt to the plaintiff was an equitable assignment, entitled to protection. The witness was admitted and

testified to facts, upon which a verdict was rendered for the defendant.

To the admission of that witness, the plaintiff excepted.

*Fox*, for the plaintiff.

*Barnes,* for the defendant.

The release by the officer was effectual to discharge the interest of the witness.

None of the reported cases upon "receipts," raise this point.

They all are upon questions arising *after judgment, or after full and explicit notice* to receiptors, or where the liability of the officer had been either fixed or expressly discharged, or where the liability of the receiptor was fixed in a manner and to an extent not appearing in this case.

In *Clark* v. *Clough,* 3 Greenl. 361, the receipt was delivered by the officer, *after judgment,* to the plaintiff's attorney, *to be prosecuted for the plaintiff's benefit. Jenney* v. *Delesdernier,* 20 Maine, 183; *Rice* v. *Wilkins,* 21 Maine, 558; *Farnham* v. *Gilman,* 24 Maine, 250.

In these cases, plaintiff's attorneys had, before attachment, directed and agreed what receipt should be taken, and who should be receiptors, and *demand had been made* upon receiptors.

1. There must be full and clear *proof,* that the receipt was *so* assigned to plaintiff, as to amount to "an agreement to receive it as a substitute for creditor's claim" upon the officer for delivery of the property. *Humphreys* v. *Cobb,* 22 Maine, 380.

But in this case the approval, written upon the receipt, and the introduction of it by the plaintiff in Court, are not sufficient, without inference of something more, to show that the officer was discharged from liability. But the witness is not to be excluded, by reason of any inference.

2. The most explicit and clear *notice* to the receiptor is necessary.

Here he had no notice, that creditor would look to him.

What was said "in presence of the witness" at the trial, was addressed to the Court, not to the witness.

The witness was bound to know his liability as bailee *to the officer*, but not bound to recognize any obligation *to the creditor*, without distinct and formal notice from the latter to that effect.

3. Neither was there any prohibition by plaintiff's attorney to the officer against giving the release. All were present, . the act was done in presence of plaintiff's attorney, yet he " objected" only to the Court.

The " objection" instead of being a notice, was a *surprise* to all. Neither the defendant, nor the receiptor had any previous knowledge, that the receipt was in the hands of the plaintiff's attorney.

4. The terms of the receipt, show a particular liability of the receiptor as *bailee to the officer exclusively*, and that he cannot be discharged from his liability to the officer, and made liable to somebody else, without clear and full proof of *agreement* between creditor and officer to discharge the officer, and of notice from creditor to receiptor, that the latter is now bailee to the creditor.

In a case like the present, the officer might make demand upon his bailee at any time, for, his return upon the writ has gone into the plaintiff's hands, making *him* liable, — the receipt, with the alleged " approval," has gone into the plaintiff's hands also. The officer retains no evidence of his own discharge, he may therefore, to protect himself, if he chooses, call upon the bailee, and resume the custody of the property attached, at any time before notice given by the creditor to the receiptor. *Bond* v. *Padelford*, 13 Mass. 394. If, therefore, the officer could discharge his bailee, by returning the property, he could do it by release.

After judgment, by the terms of this receipt, if no notice were given and demand made by the creditor, the receiptor could discharge himself, *without demand;* the next moment after judgment, he could redeliver the property to the officer, and compel the officer to resume it ; consequently, the officer could discharge him. Hence, in this case, the doctrine of equitable assignment is to be received with limitations, to con-

form to the promise of delivery " *to the officer*," and notice " *to the officer*."

In *Farnham* v. *Gilman*, 24 Maine, 250, where the officer was plaintiff, suing on the receipt, the language of the Court carries a distinct implication that the officer may release the receiptor, even though, in that case, the particular receiptor had been taken by the original creditor's express direction.

5. In any case of release by the officer on such a receipt, he would resume his original liability to the creditor.

6. The analogy between the defendant's case, and the case of a plaintiff who qualifies the indorser of his writ by placing money in Court for costs, is obvious.

For the same reasons, if a defendant need his receiptor as a witness, why may he not procure his qualification, by giving to the officer, and through the officer to the creditor, an ample and exactly equivalent security ?

Ought not every receipt to be held subject to such a limitation and privilege, just as the indorsement of a writ is ?

And why may not a receiptor be qualified by defendant's giving a new security, just as defendant's bail may be, by a surrender of the principal ?

WELLS, J. — The question in this case is, whether the receiptor for the property attached, who was released by the deputy sheriff that made the attachment, was a competent witness for the defendant. Ordinarily such a release would remove the interest, which the witness would have in favor of the defendant. But the receipt had been approved by the plaintiff's attorney and accepted by him, and it was produced in Court by him in the presence of the witness, who must have been informed by the proceedings in Court of the claim of the plaintiff to the receipt before he received the release.

The attorney, as such, had authority to approve of the receipt. *Jenney* v. *Delesdernier*, 20 Maine, 183. The placing of such receipt in the hands of the creditor's attorney, to be prosecuted for his benefit, is an equitable assignment of the contract. *Clark* v. *Clough*, 3 Greenl. 357. The receipt

Jewett *v.* Dockray.

taken by the officer is a substitute for the property attached, the possession of which he relinquishes. When he does so without the consent of the creditor, he is responsible for the property — but when the creditor authorizes him to take the receipt, he cannot be liable for not retaining the property. And in such case unless the creditor has a right to bring an action upon the receipt in the name of the officer, he would be without any remedy so far as relates to the releasing of the property. It is true, that before the creditor can claim an interest in the receipt, the transaction between him and the officer must amount to a contract of assignment. But it is not necessary that it should be made in direct and positive terms. It may be implied from such acts as clearly indicate the intention of the parties. The authority given to take the receipt, and the consequent discharge of the officer from his obligation to retain the property, and the delivery of the receipt to the creditor and his acceptance of it, would imply a transfer of it from the officer to the creditor. In the present case, the approval was written upon the receipt at the time it was taken, and it was then accepted by the plaintiff's attorney. These acts must have been understood and intended by the parties to constitute an assignment. And such would be the inference to be drawn from them. The action of the officer is adopted by the creditor for his own benefit. *Farnham* v. *Gilman*, 24 Maine, 250.

The assignment of the receipt made it the property of the plaintiff, and the officer could not discharge it, nor could he release the receiptor, who appears to have had full knowledge of the assignment before he received the release. The receiptor, therefore, was interested to defeat the action, and was not a competent witness for the defendant.

*Exceptions sustained and a new trial granted.*